| | |
|---|---|
| WILLIAM A. HAWKINS, by his next friend, Ida Hawkins, individually and on behalf of all others similarly situated<br>3214 Mayfair Road<br>Baltimore, Maryland 21207 | * IN THE<br><br>* CIRCUIT COURT FOR<br><br>* BALTIMORE CITY |
| Plaintiff, | * CIVIL ACTION NO. |
| v. | * |
| CITICORP CREDIT SERVICES, INC. (USA)<br>8787 Baypine Road<br>Jacksonville, Maryland 32256<br><br>Serve on: Resident Agent<br>The Corporation Trust, Inc.<br>300 East Lombard Street<br>Baltimore, Maryland 21202<br><br>and<br><br>MARGOLIS, PRITZKER, EPSTEIN & BLATT, PA<br>West Road Corporate Center, Suite 222<br>110 West Road<br>Towson, Maryland 21204 | * CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE MARYLAND CONSUMER DEBT COLLECTION ACT<br><br>* JURY TRIAL DEMANDED |
| Defendants. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND JURY DEMAND

For his complaint against defendants Citicorp Credit Services, Inc. (USA) and Margolis, Pritzker, Epstein & Blatt, PA, Williams Hawkins, by his next friend, Ida Hawkins, individually and on behalf of a class of similarly situated individuals, states the following:

### PRELIMINARY STATEMENT

1. This lawsuit charges Citicorp Credit Services, Inc. (USA) ("CCSI") and Margolis, Pritzker, Epstein & Blatt, PA ("MPEB") with violating the Fair Debt Collection Practices Act and the Maryland Consumer Debt Collection Act, by using deceptive and misleading

representations in the complaints it served on William A. Hawkins ("Mr. Hawkins") and other Maryland consumers in credit card debt collection actions.

2. Federal and state laws prohibit credit card issuers from charging interest on credit cards in excess of the usury laws of the state in which the credit card issuer is located.

3. Within the past year, CCSI and MPEB have served, or directed their agents to serve, debt collection complaints on Mr. Hawkins and other Maryland consumers, alleging that the consumers were liable for amounts of credit card interest in excess of the interest permitted by applicable Federal and state usury laws. The complaints, therefore, were deceptive and misleading, and in violation of Federal and State consumer debt collection statutes.

4. For these and other reasons, this Court should award Mr. Hawkins and other Maryland consumers statutory damages, the costs of this action, emotional distress damages, and counsel fees as permitted by the Fair Debt Collection Practices Act and the Maryland Consumer Debt Collection Act, and enjoin CCSI and MPEB from filing further complaints against Maryland consumers in violation of the statutes.

**PARTIES**

5. Mr. Hawkins is an incompetent person who does not have a duly appointed representative. Mr. Hawkins brings this action by his wife and next friend, Ida Hawkins, pursuant to Rule 2-202(b). Mr. Hawkins was domiciled in the State of Maryland during the operative period of the complaint, and remains domiciled in the State of Maryland.

6. CCSI is a corporation organized under the laws of the State of Delaware, and maintains a principal place of business in Baltimore County.

7. MPEB is a professional corporation organized under the laws of the State of Maryland, and maintains its principal place of business in Baltimore County.

## CLASS ALLEGATIONS

8. Pursuant to Rule 2-231, William Hawkins brings this action on behalf of himself and all other persons similarly situated. The class that Mr. Hawkins seeks to represent (the "Class") is defined as follows:

"All Maryland residents who, since March 27, 2008, were served with civil complaints, at the direction of CCSI or MPEB, in Citibank (South Dakota) NA credit card debt collection lawsuits, in which those complaints alleged that Class members were liable for interest charges in excess of the limits set by South Dakota usury laws."

9. On information and belief, the Class numbers in excess of hundreds of persons and is so numerous that joinder of all members would be impracticable. The exact size of the Class, and the identity of the members of the Class, are ascertainable from the business records of CCSI and MPEB.

10. Questions of law and fact common to the Class predominate over questions affecting only individual members, including, *inter alia*, the following:

    a. Whether the defendants ordered that members of the Class be served with complaints in debt collection lawsuits concerning credit cards issued by Citibank (South Dakota) NA;

    b. Whether the complaints represented that the amount of debt owed by the Class members included amounts of interest in excess of the 18% maximum interest rate on credit card debts set by SDCL § 54-3-5;

    c. Whether the defendants' uniform acts and practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) and (10), and the Maryland Consumer Debt Collection Act, Md. Comm. Code § 14-202;

3

   d.  Whether the Class members are entitled to statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(1)(B), and;

   e.  Whether injunctive relief may be appropriate to prevent defendants from continuing their course of deceptive and statutorily banned conduct in the district court collection actions they file in this State.

  11. The claims asserted by Mr. Hawkins in this action are typical of the claims of the members of the Class as described above, in that Mr. Hawkins' claims arise from the same course of conduct by CCSI and MPEB, and the relief sought is common.

  12. Mr. Hawkins will fairly and adequately represent and protect the interests of the members of the Class. Mr. Hawkins has retained counsel competent and experienced in both consumer protection and class action litigation, and he has no conflicts with the proposed Class.

  13. A class action is superior to other methods for the fair and efficient adjudication of this controversy because, *inter alia*, the damages to which the Class members are entitled may be relatively modest compared to the expense and burden of individual litigation. There will be no undue difficulty in the management of this litigation as a class action in that the identity of all Class members is known to defendants, and defendants possess recent addresses for all Class members.

  14. Final injunctive relief is appropriate as to the Class, particularly those Class members whose collection actions may be ongoing.

**VENUE**

  15. Venue is appropriate in this Court, in that the wrongful act complained of, an improper claim for excessive interest, was perpetrated by Defendants in a complaint filed in the District Court in Baltimore City.

## GENERAL ALLEGATIONS

16. Defendants CCSI and MPEB served, or directed their agents to serve, Mr. Hawkins with a civil complaint filed in the District Court for Baltimore City, Maryland. Mr. Hawkins was served with the complaint on or about March 29, 2008. The complaint alleged that Mr. Hawkins was liable for a debt incurred on a credit card issued by Citibank (South Dakota) NA. Pursuant to Mr. Hawkins' cardholder agreement with Citibank, the account was governed by South Dakota law.

17. The *ad dammum* clause of the complaint alleged that the debt amounted to $12,946.49. This amount included amounts of interested charged to the credit card account in excess of 18%.

18. South Dakota law, SDCL § 54-3-5, establishes 18% as the maximum interest rate chargeable to credit cards.

## COUNT I – VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates herein the allegations of paragraphs 1 through 18 as if fully set forth.

20. Plaintiff is a consumer, and defendants are debt collectors, as those terms are used in the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, and this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

21. Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2)(A) and (10), in that the Defendants used false representations or deceptive means to collect the debts alleged in the civil complaints served on Mr. Hawkins and members of the Class, through false representations of the character, amount, or legal status of the debts.

WHEREFORE, Plaintiff seeks, on behalf of himself and the Class herein, the following relief pursuant to 15 U.S.C. § 1692k(a):

(a) Statutory damages for Mr. Hawkins, not to exceed $1,000;

(b) Statutory damages for all Class members, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector(s);

(c) The costs of this action, prejudgment and postjudgment interest, together with their attorneys' fees, and;

(d) Such other and further relief as this Court may deem appropriate, including but not limited to an order enjoining Defendants from filing or prosecuting collection actions in Maryland courts by pleading interest damages at a rate exceeding the 18% rate imposed by governing law.

## COUNT II – MARYLAND CONSUMER DEBT COLLECTION VIOLATIONS

22. Plaintiff incorporates herein the allegations of paragraphs 1 through 18 as if fully set forth.

23. Plaintiff is a consumer, and defendants are debt collectors, as those terms are used in the Maryland Consumer Debt Collection Act, Md. Comm. Code § 14-201.

24. As debt collectors, defendants have violated and continue to violate §§ 14-202(6) and (8) of the Act in that they claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, and communicate with debtors in a manner that can reasonably be expected to abuse or harass the debtors, by their pursuit of debt collection matters against Plaintiff and the Class herein, claiming interest charges in excess of the amounts rightfully owed under the governing law.

25.     Defendants' actions are willful, and done with knowledge that the claimed interest charges are excessive and unlawful.

WHEREFORE, Plaintiff seeks, on behalf of himself and the Class herein, the following relief pursuant to Md. Comm. Law § 14-203:

(a) damages for emotional distress caused to Mr. Hawkins, in an amount to be determined by a jury;

(b) damages for emotional distress caused to the Class members, in an amount to be determined by a jury;

(c) disgorgement of all profits generated by Defendants for themselves through their unlawful acts;

(d) The costs of this action, prejudgment and postjudgment interest, together with their attorneys' fees, and;

(e)     Such other and further relief as this Court may deem appropriate, including but not limited to an order enjoining Defendants from filing or prosecuting collection actions in Maryland courts by pleading interest damages at a rate exceeding the 18% rate imposed by governing law.

Respectfully submitted,

Thomas J. Minton
Goldman & Minton, P.C.
20 South Charles St., Suite 1201
Baltimore, MD 21201
(410) 783-7575

_____
Jason A. Ostendorf
Law Office of Jason Ostendorf LLC
One Corporate Center, Suite 400
10451 Mill Run Circle
Baltimore, MD 21117
(410)356-8859

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

_____
Thomas J. Minton
Goldman & Minton, P.C.
20 South Charles St., Suite 1201
Baltimore, MD 21201
(410) 783-7575

_____
Jason A. Ostendorf
Law Office of Jason Ostendorf LLC
One Corporate Center, Suite 400
10451 Mill Run Circle
Baltimore, MD 21117
(410)356-8859

*Attorneys for Plaintiff*